John Peter Storti – ISB No. 9446
**BERG HILL GREENLEAF RUSCITTI LLP**
1712 Pearl Street
Boulder, CO 80302
Telephone:	(303) 590-1210
Email:	jps@bhgrlaw.com

Attorney for Plaintiff.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PETRA, INC., an Idaho corporation,<br><br>                        Plaintiff,<br><br>     v.<br><br>BEI CONSTRUCTION, LLC, an Indiana limited liability company; SELECTIVE INSURANCE COMPANY OF AMERICA, a New Jersey corporation; FRANKENMUTH AGENCY, INC. d/b/a/ FRANKENMUTH INSURANCE COMPANY, a Michigan corporation; and BEI FRAMING, LLC, a Michigan limited liability company.<br><br>                        Defendants. | Case No. 1:24-cv-00097-REP<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES** |

COMES NOW, the above-entitled plaintiff, Petra, Inc. ("**Petra**"), by and through its attorneys of record, Berg Hill Greenleaf Ruscitti LLP, and submits the following Second Amended Complaint for Damages pursuant to Fed. R. Civ. P 15(a)(1)(B):

AMENDED COMPLAINT FOR DAMAGES - Page 1

## PARTIES, JURISDICTION, AND VENUE

1. Petra is an Idaho corporation with a principal place of business located at 1097 N. Rosario Street, Suite 200, Meridian, Idaho 83642.

2. On information and belief, Defendant BEI Construction, LLC ("**BEI Construction**") is an Indiana limited liability company with a principal place of business located at 6348 W. 1400 N. Elwood, Indiana 46036.

3. On information and belief, Selective Insurance Company of America ("**Selective**") is a New Jersey Corporation with a principal place of business located at 40 Wantage Ave., Branchville, New Jersey 07890. Selective is not and has never been registered to conduct business in or with the State of Idaho.

4. On information and belief, Frankenmuth Agency, Inc. d/b/a Frankenmuth Insurance Company ("**Frankenmuth**") is a Michigan corporation with a principal place of business located at One Mutual Avenue, Frankenmuth, MI 48787. Frankenmuth is not and has never been registered to conduct business in or with the State of Idaho.

5. On information and belief, BEI Framing, LLC ("**BEI Framing**") (together with BEI Construction, "**BEI**"), is a Michigan limited liability company with a principal place of business located at 200 W. Michigan Ave., Suite 201, Kalamazoo, Michigan 49007.

6. This Court has jurisdiction over this dispute pursuant to Idaho Const. art. V, § 20, I.C. § 1-705; because the property at issue is located in the State of Idaho, the contract at issue was to be performed in the State of Idaho; and, because the parties to the contract at issue agreed

that any litigation proceedings arising out of the contract shall be in Ada County Court, Idaho.

7. Venue here is proper because the property at issue is located in Ada County, because the contract at issue was to be performed in Ada County, and because the parties to the contract at issue agreed that any litigation proceedings arising out of the contract shall be in Ada County Court, Idaho.

## GENERAL ALLEGATIONS

### The Parties and Contracts

8. This dispute arises out of the construction of a commercial hotel known as the WoodSpring Suites Meridian, located at 1262 Rackham Way, Meridian, Idaho 83642 ("**Project**").

9. An entity called Meridian Hotel Holdings, LLC is the Project Owner ("**Owner**").

10. On or around March 11, 2021, Petra entered into an AIA A101-2017 Standard Form of Agreement between Owner and Contractor with Owner, whereby Petra agreed to act as the general contractor on the Project. (the "**Prime Contract**").

11. In furtherance of its duties and obligations under the Prime Contract, on or about September 10, 2021, Petra entered into a "Standard Subcontract Form," Subcontract No. 11-200013-061000, with BEI Construction (the "**Subcontract**"). A copy of the Subcontract is attached as Exhibit 1.

12. By letter agreement dated March 7, 2022, BEI Construction informed Petra that it was involved in negotiations with BEI Framing to sell substantially all assess of BEI Construction to BEI Framing (the "**Transaction**").

13. On March 14, 2022, Petra executed the letter agreement consenting to the direct

AMENDED COMPLAINT FOR DAMAGES - Page 3

or indirect assignment of the Subcontract to BEI Framing in connection with the Transaction and the parties agreed that the Subcontract will remain in full force and effect after the closing of the Transaction.

14. The express terms of the executed letter agreement state that "nothing in this letter is intended to modify any of the terms and provisions of the Agreement or the obligations and rights of the parties to the [Subcontract], which shall continue unaffected (except as to the matters set forth in this letter)." A copy of the written consent is attached as Exhibit 2.

15. In 2022, BEI Framing purchased all or substantially all of BEI Construction's assets and closed the Transaction.

16. As part of that Transaction, on information and belief, BEI Construction assigned all its rights and interests in the Subcontract to BEI Framing, and BEI Framing assumed all of the obligations and liabilities under the Subcontract.

### BEI's Duties and Obligations Under the Subcontract

17. Pursuant to the Subcontract, BEI agreed to install and provide labor, equipment, and materials for rough carpentry on the Project, including installation of windows and window frames, installation of truss systems, wall/roof sheathing, and other related and necessary tasks. *See* Ex. 1, at Exhibit A Scope of Work.

18. Under the Subcontract, BEI agreed to express warranties under the same terms as Petra warranted its work to Owner under the Prime Contract. *See id.* at § 13.2. BEI additionally agreed that it would comply with all warranty obligations and responsibilities of Petra under the Prime Contract. *See id*.

19. The Prime Contract obligated Petra to perform its work "in strict accordance with

the Contract Documents."

20. Under the Prime Contract, Petra warranted that its work "will be performed in a skillful and workmanlike manner, in conformance with the best modern construction practices, and conform to the requirements of Contract Documents and will be free from defects . . . ."

21. Petra's warranty under the Prime Contract survived the completion of the work and/or termination of the Prime Contract.

22. Under the Prime Contract, if any of Petra's work was found to be defective, Petra was and is obligated to promptly correct the defective work at its own cost or to reimburse Owner for Owner's costs if Owner chose to correct the deficient work.

23. Under the Subcontract, BEI also agreed that "[e]very part of [BEI's] Work shall be executed in strict accordance with the Contract Documents in the most workmanlike manner in accordance with the level of care and skill exercised by such like subcontractors performing similar scopes of work in the same geographic region as the Project."

24. The Subcontract required BEI to obtain an insurance policy that named both Petra and Owner "as additional insureds for liability arising out of [BEI's] work, including completed operations losses, without qualification, limitation or reservation" and that the policy would "be primary and non-contributory with any insurance maintained by [Petra] or Owner . . . ."

25. Under the Subcontract, BEI agreed that in the event of any dispute or claim between Petra and Owner involving BEI's work, then BEI would "be bound to [Petra] by the terms of the [Prime Contract]" and "pay or reimburse [Petra] for all expenses and costs, including reasonable attorneys' fees incurred in connection therewith, to the extent of [BEI's] interest in such claim or dispute."

AMENDED COMPLAINT FOR DAMAGES - Page 5

26. BEI also agreed to an Indemnification Addendum, which was attached to the Subcontract as Exhibit H.

27. The Indemnification Addendum obligated BEI to, *inter alia*, indemnify, defend, and hold harmless Petra and Owner, to the fullest extent permitted by law, from and against all losses, costs, expenses, damages, injuries, claims, demands, obligations, liabilities, judgments, fines, penalties, interest and causes of action, including legal costs and attorneys' fees, involving any failure of BEI to comply with the requirements of the Subcontract or any other claim or demand asserted against Petra as a result of BEI's acts, omissions, services, Work, product, or fault.

### Owner's Investigation, BEI's Allegedly Defective Work, and Defendants' Refusal to Acknowledge Obligations Under the Subcontract

28. BEI represented to Petra that its work was substantially complete under the Subcontract on June 30, 2022.

29. Along with BEI's work, Petra achieved substantial completion on the Project and Owner took possession and began using the Project for commercial use as a hotel on or around June 30, 2022.

30. On December 28, 2022, Owner sent to Petra a Notice of Claim/Notice of Defects ("**Owner Notice of Claim**").

31. In the Owner Notice of Claim, Owner stated that it discovered certain construction defects in the work, attached an inspection report in support of those claims, and further indicated to Petra that Owner intended to perform additional investigation, including destructive testing.

AMENDED COMPLAINT FOR DAMAGES - Page 6

32. In or around January 2023, Owner sent to Petra a supplemental report, written by RDH Building Science, Inc. (the "**Initial RDH Report**").

33. The Initial RDH Report alleges several conditions, deficiencies, and construction defects, which implicate the work performed by BEI.

34. More specifically, the Initial RDH Report includes allegations of construction defects and deficiencies relating to incorrectly dimensioned rough window openings, and incorrect methods of reducing rough openings that were installed by BEI under the Subcontract.

35. Petra sent the Initial RDH Report to BEI in January 2023 and requested that BEI evaluate and respond to the allegations relating to the defective work attributable to BEI.

36. BEI did not respond to Petra after receiving the Initial RDH Report.

37. Owner initiated a subsequent investigation, and pursuant to that investigation, RDH developed a supplemental report ("**RDH Supplemental Report**") (together with the Initial RDH Report, the "**RDH Reports**"). The RDH Supplemental Report was sent to Petra on March 14, 2023.

38. Upon receipt, Petra sent a copy of the RDH Supplemental Report on the same day, March 14, 2023, and again requested that BEI evaluate and respond to the allegations relating to the defective work attributable to BEI.

39. BEI again did not respond to Petra after receiving the RDH Supplemental Report.

40. On May 8, 2023, after receiving no response from BEI, Petra sent to BEI a Notice of Claim and Demand for Defense and Indemnity ("**Petra Notice of Claim**").

41. The Petra Notice of Claim put BEI on notice, under the Subcontract, that BEI may be liable and responsible for damages caused to Petra and Owner as a result of any deficient

work performed by BEI.

42. The Petra Notice of Claim further demanded that BEI acknowledge its obligations under the Subcontract to indemnify, defend, and hold harmless Petra and Owner in connection with its allegedly deficient work.

43. The Petra Notice of Claim further demanded that BEI put its insurance carrier(s) on immediate written notice of these issues discussed therein.

44. On information and belief, Selective is BEI Framing's insurance carrier with respect to the Project.

45. On information and belief, Frankenmuth is BEI Construction's insurance carrier with respect to the Project.

46. Petra sent a separate Notice of Claim to Selective on May 23, 2023, which reiterated the same claims and demands in the Petra Notice of Claim.

47. After sending the Petra Notice of Claim, Petra received no response from any of BEI, Selective or Frankenmuth.

48. After receiving no response, Petra sent an additional notice to BEI and Selective on August 17, 2023 ("**August Demand Letter**").

49. In the August Demand Letter, Petra reiterated its previously stated positions, including that the RDH Reports alleged BEI's work on the Project to suffer from numerous defects.

50. The August Demand Letter again demanded that BEI and Selective respond to Petra's notices and acknowledge their respective responsibilities and obligations under the Subcontract.

51. Neither BEI nor Selective responded to Petra following receipt of the August Demand Letter.

52. In September 2023, counsel for Petra was contacted by a representative of Frankenmuth, which indicated that Frankenmuth was the general liability insurance carrier for BEI.

53. The Frankenmuth representative and counsel for Petra then engaged in the exchange of several emails concerning the circumstances of dispute.

54. Despite communication with counsel for Petra, Frankenmuth has, as of the date of this Amended Complaint, refused to acknowledge any liability under the Subcontract with regard to BEI's allegedly defective work.

55. If BEI's work is proven to be defective, Petra will incur costs to correct BEI's defective work pursuant to its obligations to Owner under the Prime Contract if none of the Defendants respond to BEI or acknowledge their duties and responsibilities under the Subcontract.

## **CLAIMS FOR RELIEF**

### **COUNT ONE**
**(Breach of Contract – BEI)**

56. All prior allegations are incorporated herein.

57. Petra and BEI entered into the Subcontract, which is a binding and enforceable contract.

58. BEI materially breached the Subcontract by, among other things, failing to perform its work in a skillful and workmanlike manner, by breaching its express warranties

under the Subcontract, and by failing to indemnify, defend, and hold Petra harmless against any damages incurred as a result of BEI's defective work.

59. BEI's breaches of the Subcontract have proximately caused Petra damages in an amount to be determined at trial including, but not limited to economic and noneconomic damages and other actual and consequential damages.

## COUNT TWO
### (Negligence – BEI)

60. All prior allegations are incorporated herein.

61. Under the facts stated above, BEI had a duty to Petra to perform its work in a skillful and workmanlike manner and to complete its work free of deficiencies or defects.

62. BEI breached its duty to Petra.

63. BEI's breach of its duty will cause Petra damages because Petra is obligated under the Prime Contract to remedy BEI's defective work at its own cost.

64. BEI's failure to remedy its defective work or to respond to Petra's various notices has or will proximately cause Petra damages in an amount to be determined at trial including, but not limited to economic and noneconomic damages and other actual and consequential damages.

## COUNT THREE
### (Defense and Indemnity – All Defendants)

65. All prior allegations are incorporated herein.

66. Under the Subcontract, Defendants owed and continue to owe Petra duties to defend, indemnify, and hold Petra harmless.

67. Through its numerous notices of claims, both formal and informal, Petra demanded that Defendants defend, indemnify, and hold Petra harmless.

68. Despite the fact that Owner's claims against Petra arise from, relate to, result from, and/or are in connection with work performed by BEI under the Subcontracts, defendants have failed to comply with their respective defense, indemnity, and hold harmless obligations.

69. Petra substantially performed all of its obligations under the Subcontract and has satisfied any conditions precedent to asserting this claim.

70. Defendants are responsible to pay for any costs, expenses, and damages Petra may incur because of Owner's claims against Petra under the defense and indemnity obligations in the Subcontract, including for Petra's own costs, fees (including attorneys' fees), expenses, interest, or other damages.

## COUNT FOUR
**(Declaratory Judgment – Selective and Frankenmuth)**

71. All prior allegations are incorporated herein.

72. The Subcontract is a valid, binding contract between Petra and BEI.

73. The Subcontract's express terms required BEI to obtain an insurance policy or policies that named both Petra and Owner "as additional insureds for liability arising out of [BEI's] work, including completed operations losses, without qualification, limitation or reservation" and that would "be primary and non-contributory with any insurance maintained by [Petra] or Owner . . . ."

74. Petra is thus entitled to certain rights under any insurance policy or policies between BEI Framing and Selective and between BEI Construction and Frankenmuth.

75. This Court is empowered to declare the rights, status, and legal relations of Petra and Defendants as they relate to the Subcontract and the relevant insurance policies.

76. The dispute between the parties detailed above constitutes an actual and justiciable controversy.

77. Petra accordingly requests the Court issue judgment in its favor declaring that Defendants, and all of them, are obligated under the Subcontract and the relevant insurance policies to indemnify, defend, and hold harmless Petra against any and all losses, costs, or damages incurred as a result of any defective or deficient work performed by BEI on the Project and under the Subcontract.

## PRAYER FOR RELIEF

WHEREFORE, Petra requests judgement in its favor and against Defendants for the following relief:

A. Economic damages;

B. Reasonable attorneys' fees, costs, and expenses as allowed by applicable contracts and laws;

C. Pre- and post-judgment interest at the highest allowable rate;

D. A declaration that Defendants, and all of them, are obligated under the Subcontract and the relevant insurance policies to indemnify, defend, and hold harmless Petra against any and all losses, costs, or damages incurred as a result of any defective or deficient work performed by BEI on the Project and under the Subcontract; and

E. Such other and further relief that the Court deems just and proper.

DATED This 25th day of March, 2024.

BERG HILL GREENLEAF RUSCITTI LLP

By _____

John Peter Storti
ISB No. 9446
Attorney for Plaintiff

AMENDED COMPLAINT FOR DAMAGES - Page 13